UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KOHEN DIALLO E. UHURU,<br><br>Petitioner,<br><br>v.<br><br>KATHLEEN ALLISON, J. BENAVIDEZ, AND ROBERT BURTON,<br><br>Respondents. | Case No. 2:22-cv-02024-JDP (HC)<br><br>ORDER DENYING REQUEST FOR COUNSEL AND DIRECTING THE CLERK OF COURT TO ASSIGN A DISTRICT JUDGE TO THIS ACTION<br><br>ECF No. 12<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF No. 12 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. On December 21, 2022, I dismissed his initial petition because it attacked a conviction that occurred in 2000 and so was time-barred. ECF No. 7. I offered petitioner a chance to amend and to explain what extraordinary tolling, if any, might render his petition timely. *Id.* Petitioner filed an amended petition, ECF No. 12, but nothing therein indicates that he is entitled to tolling that would render claims relating to his more-than-twenty-year-old conviction timely. Accordingly, I will recommend that this action be dismissed. I necessarily deny the request for counsel contained in the petition. *Id.* at 10.

The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that

1   the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir.
2   2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

3   As stated above, petitioner's conviction occurred in or around 2000. ECF No. 1 at 1.[1]
4   The statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA")
5   is one year from "[t]he date on which the judgment became final by the conclusion of direct
6   review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This
7   petition was filed on November 9, 2022, more than twenty years after the date of conviction.
8   ECF No. 1. Additionally, documents attached to the petition indicate that claims are based on the
9   application of California sentencing law. ECF No. 12 at 22. Claims that sound purely in state
10  law are generally not cognizable in a federal habeas petition. *Estelle v. McGuire*, 502 U.S. 62, 67
11  (1991).

12  Accordingly, it is ORDERED that:

13  1. Petitioner's request for appointment of counsel, ECF No. 12 at 10, is DENIED.

14  2. The Clerk of Court is directed to assign a district judge to this case.

15  Further, it is RECOMMENDED that the amended petition, ECF No. 12, be DISMISSED
16  as time-barred.

17  These findings and recommendations are submitted to the United States District Judge
18  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
19  after being served with these findings and recommendations, any party may file written
20  objections with the court and serve a copy on all parties. Such a document should be captioned
21  "Objections to Magistrate Judge's Findings and Recommendations." Any response to the
22  objections shall be served and filed within fourteen days after service of the objections. The
23  parties are advised that failure to file objections within the specified time may waive the right to
24  appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez
25  v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

---

[1] Petitioner left the date of conviction blank on his amended petition. ECF No. 12 at 1. Regardless of whether this was an oversight or a deliberate attempt to sidestep the issue, I will refer to his original petition for the date of conviction.

IT IS SO ORDERED.

Dated:   April 6, 2023

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE